UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| THEODORE T. SCHWARTZ, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:17-cv-01160-SEB-DML |
| DUSHAN ZATECKY, | ) ) ) |
| Respondent. | ) ) |

**Order Denying Petition for Writ of Habeas Corpus
And Denying a Certificate of Appealability**

Petitioner Theodore T. Schwartz is serving a 100-year sentence for his 2010 Allen County, Indiana convictions for rape, criminal deviate conduct, robbery, criminal confinement, strangulation, and auto theft. He brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, Mr. Schwartz's petition for a writ of habeas corpus is **denied** and the action is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

### I. Factual and Procedural Background

District court review of a habeas petition presumes all factual findings of the state court to be correct, absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Daniels v. Knight*, 476 F.3d 426, 434 (7th Cir. 2007). On direct appeal, the Indiana Court of Appeals summarized the relevant facts:

> On August 19, 2009, Schwartz escaped from the Berne Police Station. He went to J.H.'s house in Allen County where he had previously done restoration work on her barn. Schwartz parked the car he was driving behind J.H.'s barn and broke into her house. When J.H. returned home from work at 6:15 p.m., she unlocked the door, and Schwartz accosted her. Schwartz grabbed J.H. and told her to give him money. J.H. told Schwartz her money was in her car, and he led her outside. J.H. gave Schwartz the money from her purse. When Schwartz tried to get J.H. to go back

inside, a struggle ensued. Schwartz struck J.H. in the face, causing her head to go through the glass window. He also placed his hands on J.H.'s throat, causing her to momentarily stop breathing.

Schwartz forced J.H. back into the house, retrieved a knife from the kitchen, and forced her upstairs. Schwartz cut off some of J.H.'s clothing with the knife, fondled her, forced her to perform oral sex on him, and performed oral sex on her. Schwartz also forced J.H. to have intercourse with him. At one point, Schwarz put a pillow over J.H.'s head and tied a bandana around her mouth to keep her from screaming. J.H. believed she was going to die. After the sexual assault, Schwartz attempted to tie up J.H. with a belt and the reins from a horse bridle. He also tried to lock her in a closet.

In the meantime, J.H.'s mother, who lived nearby, saw the strange car parked behind the barn and J.H. struggling outside. J.H.'s mother investigated and sought help from neighbors, who called police. When police arrived, Schwartz jumped out of a second story window, stole J.H.'s car, and fled. Schwartz was eventually apprehended in Wells County.

Dkt. 35-6 at 1; *Schwartz v. State*, 2011 WL 1204832, at *1 (Ind. Ct. App. Mar. 31, 2011) (footnotes omitted), *trans. denied*.

On appeal from the denial of post-conviction relief, the Indiana Court of Appeals summarized the relevant procedural history:

On October 8, 2009, the State charged Schwartz with fifteen felony counts. Schwartz was initially represented by a public defender; however, attorney Stanley Campbell ("Campbell") was later hired to represent Schwartz during his plea proceedings. During an August 20, 2010 guilty plea hearing, the trial court questioned Schwartz concerning his mental health. Schwartz informed the trial court that he was being treated for depression, but was able to understand the proceedings, was able to assist in his defense, was not under the influence of drugs or alcohol, and was competent to enter a plea. Guilty Plea Tr. at 5–6. The trial court also informed Schwartz of the charges against him and the rights he would be giving up by pleading guilty. That same day, Schwartz pleaded guilty to: Count 1, rape as a Class A felony (armed with a deadly weapon); Count 2, criminal deviate conduct as a Class A felony (armed with a deadly weapon); Count 3, criminal deviate conduct as a Class A felony (armed with a deadly weapon); Count 4, burglary as a Class A felony (resulting in bodily injury); Count 5, robbery as a Class A felony (resulting in serious bodily injury); Count 6, criminal confinement as a Class B felony (armed with a deadly weapon); Count 7, battery as a Class C felony (resulting in serious bodily injury); Count 9, strangulation, a Class D felony; and Count 10, auto theft as a Class D felony. Sentencing was left to the trial court's discretion. There was no agreement as to: Count 8, forgery, a Class C felony; Count

11, receiving stolen auto parts as a Class D felony; Count 12, dealing in methamphetamine as a Class B felony; Count 13, possession of methamphetamine as a Class D felony; Count 14, possession of chemical reagents with intent to manufacture methamphetamine as a Class D felony; and Count 15, possession of a controlled substance as a Class D felony. Following a sentencing hearing, Schwartz was committed to the Indiana Department of Correction for an aggregate sentence of 100 years.

In arriving at the sentence, the trial court considered Schwartz's guilty plea to be a mitigating factor and his criminal history to be neither a mitigator nor a significant aggravator. The trial court rejected Schwartz's argument that his methamphetamine use was a mitigating factor, reasoning that Schwartz had a history of substance abuse, and his claim—that drug use prevented him from knowing what he was doing—lacked credibility. The trial court considered the offenses to be either property-related or sex-related. The trial court sentenced Schwartz to fifty years for the property-related offenses, consisting of fifty years each for the burglary and robbery convictions and one and one-half years for the auto theft conviction, all of which were to be served concurrently. Sentencing Tr. at 49. The trial court sentenced Schwartz to fifty years on each of the Class A felony sex-related convictions, ten years on the criminal confinement conviction, and one and one-half years on the strangulation conviction and ordered those sentences to be served concurrent with each other. The trial court entered no sentence for the battery, merging that conviction into the robbery. The trial court justified this sentence on the basis of the nature of the offenses, i.e., the brutality and injury suffered by J.H., and the number of different offenses, and noted that the sentence was "far from a maximum." *Id.* at 50. The trial court then ordered the sentences for the two groups of offenses to be served consecutively and committed Schwartz to the Indiana Department of Correction for a period of 100 years. At the conclusion of the sentencing hearing, Counts 8, 11, 12, 13, 14, and 15 were dismissed.

Dkt. 35-14 at 3-6 (footnotes omitted); *Schwartz v. State*, 2016 WL 6585374, at *1-2 (Ind. Ct. App. 2016), *trans. denied*, 2017 WL 599247 (Ind. Feb. 9, 2017).

Mr. Schwartz appealed, arguing that the trial court abused its discretion in finding and considering aggravating and mitigating circumstances, and that his sentence was inappropriate under Indiana Appellate Rule 7(B). On March 31, 2011, the Indiana Court of Appeals affirmed the conviction and sentence. *Schwartz*, 2011 WL 1204832, at *5. On August 18, 2011, the Indiana Supreme Court denied transfer.

On September 6, 2011, Mr. Schwartz filed his petition for post-conviction relief. He filed an amended petition on November 14, 2014. The trial court conducted a post-conviction evidentiary hearing on April 24, 2015. On January 15, 2016, the post-conviction court granted relief, in part, by reducing the robbery conviction under Count V to a Class C felony and the merged battery conviction under Count VII to a Class A misdemeanor. The post-conviction court denied relief on the remaining issues.

Mr. Schwartz appealed, arguing that attorney Campbell rendered ineffective assistance during his guilty plea proceedings and on direct appeal of Mr. Schwartz's sentence and that his guilty plea was not knowing and voluntary. On November 7, 2016, the Indiana Court of Appeals affirmed the denial of post-conviction relief, determining that Mr. Schwartz's attorney provided effective assistance in the trial court and on direct appeal and that Mr. Schwartz's guilty pleas were knowing and voluntary. *Schwartz*, 2016 WL 6585374, at *4-12. Mr. Schwartz sought review from the Indiana Supreme Court, but that court denied transfer on February 9, 2017.

On April 12, 2017, Mr. Schwartz filed this petition for a writ of habeas corpus.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). Mr. Schwartz's petition is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

The Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and has emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*, 571 U.S. 12, 19-20

(2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

Under AEDPA, the Court reviews the last state court decision to address the merits of a prisoner's claim. *See Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). Where a claim has been adjudicated on the merits in state court, habeas relief is available under the deferential AEDPA standard only if the state court's determination was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). Thus, "under AEDPA, federal courts do not independently analyze the petitioner's claims; federal courts are limited to reviewing the relevant state court ruling on the claims." *Rever v. Acevedo*, 590 F.3d 533, 536 (7th Cir. 2010). "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 131, 141 (2005) (internal citations omitted). "Under § 2254(d)(2), a decision involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger,* 604 F.3d 394, 399–400 (7th Cir. 2010) (citing *Ward v. Sternes,* 334 F.3d 696 (7th Cir. 2003)). "The habeas applicant has the burden of proof to show that the application of federal law was unreasonable." *Harding v. Sternes*, 380 F.3d 1034, 1043 (7th Cir. 2004) (citing *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002)).

**III. Discussion**

Mr. Schwartz raises five grounds in his petition: (1) the trial court abused its discretion by using aggravating factors which were not supported by the trial record; (2) the trial court's sentence is inappropriate; (3) ineffective assistance of trial counsel; (4) his plea was not knowing, voluntary, and intelligent; and (5) ineffective assistance of appellate counsel.

The respondent argues that grounds one and two are not cognizable as they relate to state-law errors. The respondent further argues that the Indiana Court of Appeals reasonably applied clearly established federal law in finding that Mr. Schwartz was not denied effective assistance of trial or appellate counsel. The respondent finally argues that the Indiana Court of Appeals reasonably concluded that Mr. Schwartz's guilty pleas were knowing and voluntary.

In reply, Mr. Schwartz elaborates further on the grounds presented in his petition.

**A. Ground One: Trial Court's Abuse of Discretion**

Ground one relates to whether the trial court abused its discretion by allegedly using aggravating factors which were not supported by the record.

On this issue, the Indiana Court of Appeals held:

> Schwartz argues that the trial court abused its discretion when it sentenced him. We evaluate a sentence under the current "advisory" sentencing scheme pursuant to *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g* by *Anglemyer v. State*, 875 N.E.2d 218 (Ind. 2007). The trial court must issue a sentencing statement that includes "reasonably detailed reasons or circumstances for imposing a particular sentence." *Anglemyer*, 868 N.E.2d at 491. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id*. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id*.
>
> Schwartz claims the trial court abused its discretion because it relied on facts not supported by the record when it issued the sentence. *See Anglemyer*, 868 N.E.2d at 490 (explaining that an abuse of discretion occurs when "entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any—but the record does not

support the reasons...."). Specifically, he argues there is no evidence from which the trial court could conclude he was lying in wait for J.H.

At the sentencing hearing, Schwartz stated that his methamphetamine use changed him into someone who did not care about anything, distorted his thinking, prevented him from knowing the difference between right and wrong, and drove him to the "very brink of insanity." Tr. p. 6. In rejecting Schwartz's methamphetamine addiction as a mitigator, the trial court explained that the crime was not the work of a "deranged addict" and that Schwartz was not "mentally disabled" by drugs. *Id.* at 48. The trial court observed that this was not "a classic drug addiction burglary where you run in, you grab the stereo equipment and what ever else is saleable and run out and sell it so you can trade for drugs." *Id.* at 47. In support of this conclusion, the trial court relied on the fact that Schwartz was sitting inside the door waiting for J.H. to come home, that Schwartz had worked on her property for twelve weeks during the previous year and knew her habits, and that he concealed his car and stole her car.

Schwartz claims that there is no evidence he was waiting in the home for J.H. to return. To the contrary, the probable cause affidavit indicates that, when J.H. unlocked the door and entered her house, there was a man hiding behind a door on the stairs that led to her basement. From this, the trial court could infer that Schwartz was waiting for J.H., not just that she interrupted him mid-robbery.

Schwartz also claims that, although the evidence shows he worked on J.H.'s property, nothing in the record indicated he knew J.H.'s habits. To the contrary, we believe this is a reasonable inference to be drawn from the undisputed evidence that Schwartz had worked on J.H.'s property for at least twelve weeks over the course of the previous year.

Finally, Schwartz argues that he concealed his car because he was on the run after escaping from the Berne police station and he intended to break into J.H.'s home to steal things, not because his attack on J.H. was premeditated. Although Schwartz's explanations are plausible, they do not establish that the trial court abused its discretion in drawing its own conclusion based on the concealment of the car. Because the trial court's rationale is based on reasonable inferences drawn from the evidence, Schwartz has not established that the trial court abused its discretion.

We also address another argument, which Schwartz makes in the inappropriateness section of his brief. Schwartz contends, "there is nothing that justifies a maximum sentence for each category with consecutive terms.... Schwartz contends there are no aggravating circumstances other than the Court's conclusion about Schwartz having been lying in wait for the victim." Appellant's Br. p. 11. Schwartz does not acknowledge that the trial court specifically stated, "in terms of aggravating circumstances, and that would be the nature of the offense and the

number of different offenses and the brutality and the injury suffered by this lady constitute aggravating circumstances...." Tr. p. 50.

On appeal, the State contends the trial court properly considered the nature and circumstances of the offense as an aggravator. In his reply brief, Schwartz claims injuries suffered by J.H. and the fear she felt were elements of the elevated classes of the various offenses. This argument, however, is waived for failing to raise it in his principal brief, in which he only challenged the sufficiency of the evidence used to support the trial court's reasoning, not the propriety of the various aggravators. *See French v. State*, 778 N.E.2d 816, 825–26 (Ind. 2002). Without more, Schwartz has not established that the trial court abused its discretion by imposing "maximum" or consecutive sentences based on the aggravating circumstances it announced.

*Schwartz*, 2011 WL 1204832, at *2-3 (footnote omitted).

"A federal habeas court will not review a claim rejected by a state court if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Walker v. Martin*, 562 U.S. 307, 315 (2011) (citation and internal quotation marks omitted). This doctrine is premised on the rule that federal courts have "no power to review a state law determination that is sufficient to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). The state-law ground precluding review by a federal habeas court "may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker*, 562 U.S. at 315. Therefore, "[e]rrors of state law in and of themselves are not cognizable on habeas review." *Samuel v. Frank*, 525 F.3d 566, 574 (7th Cir. 2008) (citation and quotation marks omitted).

The decision by the state court here rests on state law grounds – both procedural and substantive – that are independent of any federal question and are adequate to support the judgment. Moreover, Mr. Schwartz fails to identify any unreasonable application of clearly established federal law or any unreasonable determination of the facts in light of the evidence presented in the State court proceeding

8

Mr. Schwartz cites to various federal holdings and alleges that the state courts violated his Fifth and Fourteenth Amendment rights in his June 5, 2017, reply to the Court's Order, and in his October 30, 2017, reply. *See* dkt. 18 at 1-2; dkt. 40 at 9-10.

"[F]ederal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citations and quotation marks omitted); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004) ("the prisoner must 'fairly present' his claim in each appropriate state court …, thereby alerting that court to the federal nature of the claim") (internal citations omitted). "Fair presentment, however, does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006); *see also Picard v. Connor*, 404 U.S. 270, 277-78 (1971) ("[W]e do not imply that respondent could have raised the equal protection claim only by citing 'book and verse on the federal constitution.' We simply hold that the substance of a federal habeas corpus claim must first be presented to the state courts.") (citations omitted). "If the facts presented do not evoke a familiar constitutional constraint, there is no reason to believe the state courts had a fair opportunity to consider the federal claim." *Anderson*, 471 F.3d at 815. Therefore, the Court considers "four factors when determining whether a petitioner has fairly presented his federal claim to the state courts: 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation." *Id.* (citations and quotation marks omitted).

In state court, Mr. Schwartz relied solely upon Indiana law regarding the consideration of aggravating factors. *See* Dkt. 35-3 at 9-12. At no time did he assert that the manner in which his sentence was determined gave rise to a federal due process violation. Rather, Mr. Schwartz's arguments attacked the evidentiary basis for the aggravating factors related to his sentencing. Given the facts of the case and Mr. Schwartz's argument, it is unlikely that the state courts would have been alerted to a federal constitutional issue. Thus, Mr. Schwartz's federal claims, to the extent there are any, are procedurally defaulted.

Mr. Schwartz could overcome procedural default if he either demonstrates cause for his default and prejudice resulting therefrom, or that a miscarriage of justice will result. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (internal citations omitted). Establishing cause ordinarily requires demonstrating an external obstacle preventing the petitioner from fairly presenting the federal claim in state court, and actual prejudice, not merely a possibility of prejudice, is required. *Id*. at 514-15. The miscarriage-of-justice-exception applies when the petitioner can demonstrate that he is actually innocent. *Id*. at 515. Mr. Schwartz has procedurally defaulted, and has not even alleged that he meets the requirements for these exceptions.

Thus, for the reasons above, Mr. Schwartz is not entitled to habeas relief on this ground.

### B.     Ground Two: Trial Court's Sentence

Ground two relates to whether the trial court's sentence was inappropriate. On this issue, the Indiana Court of Appeals held:

> Schwartz also argues his sentence is inappropriate in light of the nature of the offenses and the character of the offender. Indiana Appellate Rule 7(B) permits us to revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State,* 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and

recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.*

Regarding the nature of the offenses, Schwartz argues the "tragic events" were an episode of criminal conduct and the sentences should not have been ordered to run consecutively.[4] Appellant's Br. p. 10. We are not persuaded by this argument.

Schwartz, after escaping from a police station, went to J.H.'s house, where he had performed restoration work for a significant period of time during the previous year. Schwartz concealed his car and broke into J.H.'s house. When J.H. returned home, Schwartz was hiding behind a door. Schwartz demanded money, which J.H. retrieved from her car. Schwartz then attempted to get J.H. back into her house, the two struggled, and Schwartz choked J.H. and pushed her in the face, causing her head to break a window. Schwartz took a knife from J.H.'s kitchen and used it to remove some of her clothing. Schwartz then sexually assaulted J.H. During the assault, Schwartz put a pillow over J.H.'s head and tied a bandana around her mouth to prevent her from screaming. After the assault, Schwartz attempted to tie up J.H. and lock her in a closet. Police were summoned by J.H.'s eighty-four-year-old mother, and when they arrived, Schwartz jumped out of a second-story window, stole J.H.'s car, and fled. Even Schwartz described his conduct as "a very cruel, cowardice and disgusting thing." Tr. p. 5. Nothing about the nature of the offenses warrants the reduction of the 100–year sentence.

As for his character, we are mindful that Schwartz pled guilty and accepted responsibility for his crimes. His guilty plea notwithstanding, we believe his methamphetamine addiction does not bode well for his character. Schwartz seems to have battled substance abuse issues for a significant period of time. Despite his family's attempts at intervention and substance abuse treatment in 2007, Schwartz continued to abuse methamphetamine. Although we recognize that addiction is not easily overcome, it was directly intertwined with Schwartz's commission of these offenses.

We also find Schwartz's criminal history to be troubling. He has two felony convictions and six misdemeanor convictions, beginning in 1991. When Schwartz committed these offenses, he was out on bond. At the time the PSI was prepared,

> Schwartz had several felony charges pending in two other counties. Schwartz's criminal history shows an ongoing inability to conduct himself in accordance with the law. Based on the nature of the offenses and the character of the offender, we conclude that Schwartz's 100–year sentence is appropriate.

*Schwartz*, 2011 WL 1204832, at *3-4 (footnote omitted).

The decision by the state court here rests on state law grounds – both procedural and substantive – that are independent of any federal question and are adequate to support the judgment. Moreover, Mr. Schwartz fails to identify any unreasonable application of clearly established federal law or any unreasonable determination of the facts in light of the evidence presented in the State court proceeding

Mr. Schwartz cites to various federal holdings and alleges that the state courts violated his Fourteenth Amendment rights in his June 5, 2017, reply to the Court's Order, and in his October 30, 2017, reply. *See* dkt. 18 at 2-3; dkt. 40 at 10-11.

In state court, Mr. Schwartz relied solely upon Indiana law regarding the appropriateness of his sentence. *See* Dkt. 35-3 at 12-15. At no time did he assert that the manner in which his sentence was determined gave rise to a federal due process violation. Given the facts of the case and Mr. Schwartz's argument, it is unlikely that the state courts would have been alerted to a federal constitutional issue. Thus, Mr. Schwartz's federal claims, to the extent there are any, are procedurally defaulted. *Johnson*, 786 F.3d at 504. Additionally, Mr. Schwartz has failed to allege that he meets the requirements to overcome procedural default. *Perruquet*, 390 F.3d at 514.

Thus, for the reasons above, Mr. Schwartz is not entitled to habeas relief on this ground.

### C. Grounds Three and Five: Ineffective Assistance of Trial and Appellate Counsel

As ground three, Mr. Schwartz argues that his trial counsel was ineffective for failing to: (1) recognize that the crime did not meet the statutory definition, which violates double jeopardy;

(2) object to multiple enhancements at the change of plea and sentencing hearings; and (3) ensure his competency was no longer in question. As ground five, Mr. Schwartz argues that his appellate counsel was ineffective for: (1) failing to include arguments regarding abuse of discretion in his initial appellate brief rather than in his reply brief; (2) failing to include double jeopardy ramifications; and (3) failing to include five character letters on appeal. His claims of ineffective counsel were previously raised in his petition for post-conviction review.

1. Ineffective Assistance of Counsel Standard

*Strickland v. Washington,* 466 U.S. 668, 684 (1984), supplies the clearly established federal law. This United States Supreme Court case governs a claim of ineffective assistance of counsel.

> *Strickland* recognized that the Sixth Amendment's guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence" entails that defendants are entitled to be represented by an attorney who meets at least a minimal standard of competence. *Id.,* at 685–687. "Under *Strickland,* we first determine whether counsel's representation 'fell below an objective standard of reasonableness.' Then we ask whether 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Padilla v. Kentucky,* 559 U.S. 356, 366 (2010) (quoting *Strickland, supra,* at 688, 694).

*Hinton v. Alabama,* 571 U.S. 263, 272 (2014) (parallel citations omitted). The Supreme Court framed the determinative question as "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland,* 466 U.S. at 686. This Court must give "double deference" to the state court's ruling on ineffective assistance of counsel claims because habeas review under AEDPA requires a habeas court to give the state court and the defense attorney the benefit of the doubt. *Woods v. Donald,* 135 S. Ct. 1372, 1376 (2015).

In deciding the issue of ineffective assistance of counsel, the Indiana Court of Appeals recited the *Strickland* standard. *Schwartz,* 2016 WL 6585374, at *4.

*2. Crime did not meet Statutory Definition and Object to Multiple Enhancements – Application of Strickland*

Mr. Schwartz argues that his trial counsel failed to "recognize the crime did not meet statutory definition." The Court construes this argument to relate to his prior allegation that his trial counsel failed to recognize that the evidence did not support a finding that J.H. suffered serious bodily injury. *See Schwartz*, 2016 WL 6585374, at *5. To the extent Mr. Schwartz is arguing another claim, that claim is procedurally defaulted for failing to fairly present the claim to the state courts. *See Johnson*, 786 F.3d at 504. Mr. Schwartz also argues that his counsel should have objected to the multiple enhancements.

As the Indiana Court of Appeals explained:

> Schwartz pleaded guilty to three offenses that were enhanced by bodily injury (burglary) or serious bodily injury (robbery and battery). Schwartz suggests two ways in which trial counsel was ineffective in connection with these charges. First, trial counsel failed to recognize that the evidence did not support a finding that J.H. suffered serious bodily injury, and second, trial counsel failed to argue that the same bodily injury that enhanced the burglary count was also used to enhance both the robbery and the battery counts. The PCR court agreed with Schwartz's first claim, and the State conceded that trial counsel was ineffective for not raising the improper use of the "serious bodily injury" enhancement. Appellant's App. at 210. Accordingly, the PCR court removed the serious bodily injury enhancement from the two counts and reduced Schwartz's robbery conviction to a Class C felony and his battery conviction to a Class A misdemeanor. *Id.*
>
> The PCR court, however, did not agree with Schwartz's claim that trial counsel was ineffective for failing to argue that the same bodily injury was improperly used to enhance the charges of burglary, robbery, and battery. We recognize that charges based on the same bodily injury cannot stand, *Owens v. State*, 897 N.E.2d 537, 539 (Ind. Ct. App. 2008); however, we agree with the PCR court that J.H. suffered injuries that were separate in time and location. … These three convictions did not rely on an improper bodily injury enhancement. Trial counsel was not ineffective for failing to challenge the bodily injury enhancements.
>
> Schwartz next argues that trial counsel was ineffective for not questioning the use of the enhancement "armed with a deadly weapon [, the knife,]" to elevate the seriousness of the charges of rape, criminal confinement, and two counts of criminal deviant conduct. …

14

> The PCR court agreed with the State, reasoning:
>
>> The victim's statement that the knife "was always present," and, along with Petitioner's rage, "ruled [her] behavior" [Findings of Fact, number 10], supports a rational inference that Petitioner did use the knife in the course of forcing the victim to submit to all the charged sex offenses and the confinement. … Petitioner has not shown a reasonable probability that Attorney Campbell could have succeeded in obtaining a reduction of the class of any of the Class A felony sex offenses or the Class B confinement offense, by any means. Attorney Campbell cannot be found ineffective for failing to do so.
>
> Pet'r's PCR App. at 210–11 (emphasis added) (internal citations omitted). Schwartz has not proved that trial counsel was ineffective for failing to raise a claim of improper enhancement based on the use of the knife.

*Schwartz*, 2011 WL 1204832, at *5-6 (footnote omitted). The Indiana Court of Appeals also rejected Mr. Schwartz's arguments that he was prejudiced by his trial counsel's actions during the plea negotiations, guilty plea hearing, or sentencing. *See Schwartz*, 2011 WL 1204832, at *6-8.

The Indiana Court of Appeals' assessment is compatible with both prongs of the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Schwartz is not entitled to habeas relief on these grounds.

### 3. Ensure Competency – Application of *Strickland*

Mr. Schwartz asserts that his trial counsel should have ensured that his competency evaluations were completed before sentencing. On this issue, the Indiana Court of Appeals held:

> A criminal defendant's due process rights to a fair trial are not adequately protected if he is not legally competent to stand trial. *Drope v. Missouri*, 420 U.S. 162 (1975). …The PCR court found that Campbell was not ineffective for failing to await the outcome of a competency hearing in another case, in another county, which was ultimately withdrawn. We agree. Observations of a defendant's demeanor in court provide an adequate basis for finding that no competency hearing is needed. *Brown v. State*, 516 N.E.2d 29, 30 (Ind. 1987). During the guilty plea hearing, the trial court questioned Schwartz regarding his mental health and learned that Schwartz was being treated for depression, was taking medication, and felt

15

> competent to participate in the proceedings. Guilty Plea Tr. at 5–6. Campbell concurred with Schwartz's assessment and agreed that Schwartz understood the situation he was in, was able to assist in his defense, and was competent to enter a plea. *Id*. at 6. The trial court was satisfied regarding Schwartz's competency and accepted his plea. Schwartz may have been experiencing mental health issues in 2010; however, he has presented no evidence that they were of the type that would have rendered him incompetent to plead guilty. Schwartz has not shown either ineffective assistance or prejudice by his counsel's failure to challenge his competency.

*Schwartz*, 2011 WL 1204832, at *8-9 (footnote omitted).

The Indiana Court of Appeals' assessment is compatible with both prongs of the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Schwartz is not entitled to habeas relief on this ground.

        4.       <u>Appellate Counsel  Application of *Strickland*</u>

Mr. Schwartz argues that his appellate counsel was ineffective for: (1) failing to include arguments regarding abuse of discretion in his initial appellate brief rather than in his reply brief; (2) failing to include double jeopardy ramifications; and (3) failing to include five character letters on appeal.

In addition to applying the *Strickland* standard, the Indiana Court of Appeals noted the standards of review for claims of ineffective assistance of appellate counsel in Indiana. *Schwartz*, 2016 WL 6585374, at *9. Applying these standards, the Indiana Court of Appeals held:

> Schwartz contends the PCR court erred in finding appellate counsel was not ineffective for failing to admit five reference letters on direct appeal. Schwartz argues, if this court on direct appeal had understood Schwartz's character outside his addiction to drugs, it may have found the 100–year sentence was inappropriate. The letters pertained to Schwartz's character when he was not on drugs, an issue that was not in dispute. The PCR court found questionable the relevance of Schwartz's character when he was not on drugs "in view of the fact that he was on drugs for a significant period of time, i.e., some years before the offenses." Pet'r's PCR App. at 219. The PCR court denied Schwartz's claim that appellate counsel was ineffective, finding unpersuasive Schwartz's reliance on *Long v. State*, 865

> N.E.2d 1031 (Ind. Ct. App. 2007), *trans. denied*. The PCR court cited to the following reasons why Long's character, as set forth in the letters, was relevant while Schwartz's was not. The court in *Long* found: (1) Long's character did not justify the maximum sentence, but Schwartz was not given the maximum sentence; (2) Long's act of voluntary manslaughter was clearly out of character because he had no criminal history, while Schwartz had a criminal history; (3) Long was not on drugs, but Schwartz was on drugs; and (4) Long's twenty-three character letters were not cumulative, while Schwartz's five letters were. Pet'r's PCR App. at 219–21. Schwartz argues that these four factors are not pertinent. However, his arguments are merely a request that we reweigh the evidence, which we will not do. *Sweet v. State*, 10 N.E.3d 10, 15 (Ind. Ct. App. 2014). Appellate counsel was not ineffective for failing to offer the character letters on direct appeal.
>
> Schwartz's remaining ineffective assistance of appellate counsel claims essentially echo those asserted against his trial counsel. For the reasons previously explained herein, we find that, like trial counsel, appellate counsel did not provide ineffective assistance to Schwartz, and Schwartz was in no way prejudiced by appellate counsel's representation.

*Id.* at *10.

The Indiana Court of Appeals' assessment is compatible with both prongs of the federal *Strickland* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Schwartz is not entitled to habeas relief on this ground.

### D. Ground Four: Voluntary, Knowing, and Intelligent Plea

Finally, Mr. Schwartz argues that his plea was not voluntary, knowing, and intelligent.

*North Carolina v. Alford*, 400 U.S. 25, 31 (1970), supplies the clearly established federal law governing the validity of a guilty plea, "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *Id.* In deciding the issue of the validity of Mr. Schwartz's guilty plea, the Indiana Court of Appeals recited the *Alford* standard. *Schwartz*, 2016 WL 6585374, at *11. The Court of Appeals further explained that:

> In furtherance of this objective, the Indiana Code provides that the court accepting the guilty plea must determine that the defendant: (1) understands the nature of the charges; (2) has been informed that a guilty plea effectively waives several

> constitutional rights, including trial by jury, confrontation and cross-examining of witnesses, compulsory process, and proof of guilt beyond a reasonable doubt without self-incrimination; and (3) has been informed of the maximum and minimum sentences for the crime charged.
>
> In assessing the voluntariness of the plea, this court reviews all the evidence before the PCR court, "including testimony given at the post-conviction trial, the transcript of the petitioner's original sentencing, and any plea agreements or other exhibits which are part of the record." Generally speaking, if a trial court undertakes these steps, a PCR petitioner will have a difficult time overturning his guilty plea on collateral attack.

*Id.* (internal citations omitted).

Applying these standards, the Indiana Court of Appeals held that there was no colorable claim that Mr. Schwartz was coerced or misled into pleading guilty. *Id*. The Court of Appeals also noted that "the evidence against Schwartz was overwhelming. There was no question that Schwartz was the man who committed the crimes; he had worked for J.H. so his identity was known. Further, Schwartz also knew the severity of the injuries he had caused." *Id*. Prior to accepting his plea, the Court of Appeals confirmed his mental health and competency to make the plea, that he understood the nature of the charges and that a guilty plea effectively waived certain constitutional rights, and that he understood the sentencing ranges associated with each of his charged felonies. *Id*. Thus, the Court of Appeals disagreed that Mr. Schwartz's plea was not voluntarily or intelligently made, "find that Schwartz's 'plea represents a voluntary and intelligent choice among the alternative courses of action open to [him].'" *Id.* (citing *Alford*, 400 U.S. at 37-38).

The Indiana Court of Appeals' assessment is compatible with the federal *Alford* standard. And because of this reasonable application of the controlling federal standard, "[u]nder AEDPA . . . it cannot be disturbed." *Hardy v. Cross,* 132 S. Ct. 490, 495 (2011). Accordingly, Mr. Schwartz is not entitled to habeas relief on these grounds.

### IV. Conclusion

This Court has carefully reviewed the state record in light of Mr. Schwartz's claims and has given such consideration to those claims as the limited scope of its review in a habeas corpus proceeding permits. Having applied the appropriate standard of review, and having considered the pleadings and the record, Mr. Schwartz's petition for writ of habeas corpus must be **denied.**

Judgment consistent with this Entry shall now issue.

### V. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceedings, and 28 U.S.C. § 2253(c), the Court finds that the petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 7/25/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

THEODORE T. SCHWARTZ
962334
PENDLETON – CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

James Blaine Martin
OFFICE OF THE ATTORNEY GENERAL
james.martin@atg.in.gov